UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YI CAO, BIN DOU, ZHIWEI YUAN on behalf of themselves and others similarly situated,<br><br>      Plaintiffs,<br><br>  - against -<br><br>ATAMI ON 2ND AVENUE, INC. d/b/a ATAMI JAPANESE FUSION, JING LIANG DONG a/k/a MICHAEL DONG, LI DONG a/k/a JENNY DONG, JIANG ZENG LIN a/k/a JOE LIN, and QIU RU DONG a/k/a JUDY DONG and a/k/a WENDY DONG,<br><br>      Defendants. | **ORDER**<br><br>15 Civ. 5434 (PGG) |
| LETIAN ZHU, on behalf of himself and others similarly situated,<br><br>      Plaintiff,<br><br>  - against -<br><br>ATAMI ON 2ND AVENUE, INC. d/b/a ATAMI JAPANESE FUSION, JING LIANG DONG a/k/a MICHAEL DONG, LI DONG a/k/a JENNY DONG, JIAN ZENG LIN a/k/a JOE LIN, and QIU RU DONG a/k/a JUDY DONG and a/k/a WENDY DONG,<br><br>      Defendants. | 17 Civ. 275 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

    This action is brought under the Fair Labor Standards Act (the "FLSA") and the New York Labor Law. Jing Liang Dong and Li Dong ("Movant-Defendants") have moved to vacate a default judgment entered against them. (Dkt. No. 156) Plaintiffs have cross-moved for

an award of attorneys' fees.  (Dkt. Nos. 160, 161, 163)  For the reasons stated below, Movant-Defendants' motion will be granted, and Plaintiffs' cross-motion will be denied.

## BACKGROUND

Plaintiffs worked as deliverymen for Defendant Atami on Second Avenue ("Atami") and alleged owner/operators Jian Zeng Lin, Qiu Ru Dong, Jing Liang Dong, and Li Dong at various times between July 2012 and December 2016.  (Cao Cmplt., (Dkt. No. 1) ¶¶ 8-30; Zhu Cmplt., 17 Civ. 275 (Dkt. No. 1) ¶¶ 8-41) (collectively, the "Complaints"))[1]

On July 13, 2015, Plaintiffs Yi Cao, Bin Dou, and Zhiwei Yuan filed the Cao Complaint alleging (1) violations of the FLSA, in that Defendants did not pay Plaintiffs the applicable minimum wage or overtime rate and did not post notices of employees' rights; (2) violations of the New York Labor Law, in that Defendants did not pay Plaintiffs the required state minimum wage, overtime rate, or spread of hours compensation, and did not provide pay stubs or post the required wage notices; and (3) breach of an implied contract for reimbursement of delivery vehicle costs and expenses.[2]  (Cao Cmplt., ¶¶ 114-38, 150-68)  On January 13, 2017, Plaintiff Zhu filed the Zhu Complaint asserting the same claims as the Cao Complaint.  (Zhu Cmplt., 17 Civ. 275 (Dkt. No. 1) ¶¶ 73-97, 108-26)

The Cao Complaint asserts claims against six individuals who worked at and/or owned Atami and who are alleged "employers" for purposes of the FLSA:  Qiu Ru Dong, Jian Zeng Lin, and four "Doe" defendants.  (Cao Cmplt., (Dkt. No. 1) ¶¶ 15-30)

Plaintiffs contend that they served all of the Cao defendants on August 1, 2015, by delivering the Cao Complaint to Qiu Ru Dong, a/k/a "Judy Doe," at Atami.  (Executed

---

[1] Unless otherwise noted, citations to docket entries refer to the docket in 15 Civ. 5434.
[2] Four additional claims are asserted in the Complaints but were later dismissed at Plaintiffs' request.  (See Order (Dkt. No. 93))

2

Summons (Dkt. Nos. 6-12); Pltf. Opp. (Dkt. No. 163) at 6)[3]  Defendants Atami, Qiu Ru Dong, and Jian Zeng Lin filed an answer on September 23, 2015.  (Dkt. No. 19)  Neither Movant-Defendant filed a response to the Cao Complaint or otherwise appeared.

On October 8, 2015, this Court entered a case management plan in Cao.  (Dkt. No. 23)  Discovery proceeded before Magistrate Judge Debra Freeman through approximately June 2016.  (See Dkt. Nos. 30-48)  After an unsuccessful settlement conference, trial was set for January 23, 2017, but was postponed several times at the parties' request.  (See Dkt. Nos. 49-78)

As a result of discovery in Cao, Plaintiffs' counsel came to believe that "Michael Doe" and "Jenny Doe" are the Movant-Defendants, Jing Liang Dong and Li Dong, respectively.  (See Pltf. Opp. (Dkt. No. 163) at 7)  Plaintiffs assert that Jing Liang Dong and Li Dong are known to Plaintiffs as Michael Dong and Jenny Dong respectively, that they are husband and wife, and that Jing Liang Dong is Qiu Ru Dong's brother.  (See id.; Cao Cmplt., ¶ 15; Zhu Cmplt., 17 Civ. 275 (Dkt. No. 1) ¶¶ 18, 20)  Plaintiffs also determined that "Judy Doe" and "Joe Doe" are Qiu Ru Dong and Jian Zeng Lin, respectively.  (See Pltf. Opp. (Dkt. No. 163) at 7)  On July 10, 2017, the Court entered an order amending the Cao caption to reflect the asserted identity of the Doe defendants.  (See Order (Dkt. No. 112) at 1-2)

Movant-Defendants are identified by name in the Zhu Complaint, which was filed on January 13, 2017.  (See Zhu Cmplt., 17 Civ. 275 (Dkt. No. 1))

On April 3, 2017, the Court issued an order consolidating the Cao and Zhu actions and adjourning trial to June 12, 2017.  (Dkt. No. 74)

---

[3] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

Plaintiffs contend that the Movant-Defendants were served with the Zhu Complaint on May 2, 2017, by delivery of the complaint to a "Jane Doe" manager at Atami. (Pltf. Opp. (Dkt. No. 163) at 8; Executed Summons, 17 Civ. 275 (Dkt. Nos. 12-1, 12-2))  Neither Movant-Defendant filed a response to the Zhu Complaint or otherwise appeared.

Plaintiffs' claims against Defendants Atami, Qiu Ru Dong and Jian Zeng Lin proceeded to trial on June 12, 2017.  On June 16, 2017, the jury returned a verdict in Plaintiffs' favor.  (See Trial Tr. (Dkt. Nos. 121-130); Verdict (Dkt. No. 101))  After a protracted dispute over damages calculations (see Dkt. Nos. 119, 150), judgment was entered against Atami, Qiu Ru Dong, and Jian Zeng Lin on March 13, 2018, in the amount of $43,855.06 for Plaintiff Cao, $5,802.27 for Plaintiff Dou, $115,457.13 for Plaintiff Yuan, and $7,500.00 for Plaintiff Zhu. (Judgment (Dkt. No. 150))  The Court also awarded Plaintiffs costs and attorneys' fees totaling $69,732.88, and post-judgment interest.  (Id.; Mar. 19, 2018 Order (Dkt. No. 152))

Between July 7, 2017 and July 12, 2017, Plaintiffs obtained certificates of default as to both Movant-Defendants.  (Cao (Dkt. Nos. 114-115); Zhu, 17 Civ. 275 (Dkt. Nos. 28-29))  In a March 13, 2018 order, the Court scheduled a hearing concerning Plaintiffs' application for a default judgment as to the Movant-Defendants, and ordered Plaintiffs to serve a copy of that order upon the Movant-Defendants by March 21, 2018.  (Order (Dkt. No. 149))  Plaintiffs served the order on the Movant-Defendants by first class mail sent to an apartment purportedly owned by Movant-Defendants.  (Affm. of Service (Dkt. No. 153))  Neither Movant-Defendant appeared at the April 4, 2018 hearing, and on that day the Court entered a default judgment against Movant-Defendants in the following amounts:  $77,436.55 as to Plaintiff Cao; $9,676.18 as to Plaintiff Dou; $122,018.31 as to Plaintiff Yuan; $36,601 as to Plaintiff Zhu.  (Default Judgment (Dkt. No. 154) at 2-3)  The Court also awarded Plaintiffs costs and attorneys' fees.  (Id. at 3)

On September 6, 2021, Movant-Defendants filed the instant motion to vacate the default judgment against them under Fed. R. Civ. P. 60(b)(4).  (See Mot. (Dkt. No. 156))  Movant-Defendants contend that they first learned of these actions when their accounts at Cathay Bank were restrained on July 6, 2021.  (See Jing Liang Dong Aff. (Dkt. No. 156-2) ¶ 35; Li Dong Aff. (Dkt. No. 156-3) ¶ 36; Mot., Ex. 19 (Dkt. No. 156-23) at 1, 4)  Movant-Defendants maintain that this is a case of "mistaken identity"; that they have no connection to Atami or the other named Defendants in this case; and that – prior to the restraint on their bank accounts – they "do not recall receiving any documents from Plaintiffs' counsel regarding the [Cao and Zhu] [a]ctions."  (See Jing Liang Dong Aff. (Dkt. No. 156-2) ¶¶ 2, 23-38; Li Dong Aff. (Dkt. No. 156-3) ¶¶ 2, 24-39)  Movant-Defendants also claim that no one at Atami was authorized to accept legal process on their behalf.  (See Jing Liang Dong Aff. (Dkt. No. 156-2) ¶¶ 23-32; Li Dong Aff. (Dkt. No. 156-3) ¶¶ 24-33)

Plaintiffs oppose Movant-Defendants' motion to vacate and have cross-moved for an award of attorneys' fees.  (Dkt. Nos. 160-164, 169))

## DISCUSSION

I. **APPLICABLE LAW**

    A. **Standard for Vacating a Default Judgment**

Fed. R. Civ. P. 55 provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  A court may vacate a default judgment under Rule 60(b) for any of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Movant-Defendants motion to vacate is brought under Rule 60(b)(4). (MOL (Dkt. No. 156-1) at 5)

"Of [the available] grounds for vacating default judgment [under Rule 60(b)], Rule 60(b)(4) is 'unique' because 'relief is not discretionary and a meritorious defense is not necessary.'"[4] Global Gold Mining, LLC v. Ayvazian, 983 F. Supp. 2d 378, 384 (S.D.N.Y. 2013) (quoting Covington Indus. v. Resintex A.G., 629 F.2d 730, 733 n.3 (2d Cir. 1980)). "'A judgment is void under Rule 60(b)(4) . . . if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d Cir. 2011) (citation omitted) (quoting Grace v. Bank of Leumi Trust Co. of N.Y., 443 F.3d 180, 193 (2d Cir. 2006)) (internal quotation marks omitted). "Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction over a defendant." Am. Inst. of Certified Pub. Accountants., 8 F. Supp. 2d at 375 (citing Omni Capital Int'l v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 103 (1987)). "Hence, a judgment obtained by way of defective service is void for lack of personal

---

[4] In their opposition, Plaintiffs cite the familiar three-factor test for vacating entry of default under other provisions of Rule 60(b), which requires courts to consider the willfulness of the default, prejudice to the non-moving party, and whether the moving party has presented a meritorious defense. (Pltf. Opp. (Dkt. No. 163) at 8 (citing De Curtis v. Ferrandina, 529 F. Appx. 85, 86 (2d Cir. 2013)))  As discussed above, movant need not offer a meritorious defense when proceeding under Rule 60(b)(4). See Am. Inst. of Certified Pub. Accts. v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998)

jurisdiction and must be set aside as a matter of law." Id. (citing Howard Johnson Int'l. Inc. v. Wang, 7 F. Supp. 2d 336 (S.D.N.Y. 1998)).

Where an "underlying judgment is void for lack of jurisdiction, 'it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4).'" Mickalis Pawn Shop, 645 F.3d at 138 (quoting Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005)). "Furthermore, although a Rule 60(b)(4) motion must be made 'within a reasonable time,' courts have been 'exceedingly lenient in defining the term reasonable time,' and have refused to apply the doctrine of laches as a bar to relief under the rule."[5] Velez v. Vassallo, 203 F. Supp. 2d 312, 318 (S.D.N.Y. 2002) (quoting Beller & Keller, 120 F.3d at 24).

"'[M]otions to vacate default judgments are to be granted liberally.'" Global Gold Mining, 983 F. Supp 2d. at 384 (quoting Int'l Cargo & Sur. Ins. v. Mora Textiles Corp., 1991 WL 120359, at *2 (S.D.N.Y. June 21, 1991)). Because "a default judgment is 'the most severe sanction which the court may apply,'" New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (quoting Cody v. Mello, 420 F.3d 13, 15 (2d Cir. 1995)), "in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that, to the extent possible, disputes are resolved on the merits." Id.

---

[5] Movant-Defendants' Rule 60(b)(4) motion was brought within a reasonable time. As discussed above, Movant-Defendants have submitted affidavits asserting that they first became aware of the instant actions when their bank accounts were restrained on July 6, 2021. (Jing Liang Dong Aff. (Dkt. No. 156-2) ¶ 35; Li Dong Aff. (Dkt. No. 156-3) ¶ 36; Mot., Ex. 19 (Dkt. No. 156-23) (July 6, 2021 restraining notices))  The instant motion to vacate was filed on September 6, 2021.  (Mot. (Dkt. No. 156))  Defendants filed their motion to vacate two months after learning of the default judgment.  Given that courts are "exceedingly lenient" in determining what constitutes a "reasonable time" under Rule 60(b)(4), Beller & Keller v. Tyler, 120 F.3d 21, 24 (2d Cir. 1997) (internal quotation marks omitted), Movant-Defendants' motion to vacate is not untimely.

In resolving motions to vacate default judgment based on improper service, courts consider affidavits or declarations submitted by the parties. See, e.g., Chettri v. Nepal Bangladesh Bank, Ltd., 2014 WL 4354668, at *6, 10-11 (S.D.N.Y. Sept. 2, 2014) (on motion to vacate default judgment, relying on the parties' affidavits and declarations in determining that plaintiffs had not met their burden to demonstrate that service was proper); Velez, 203 F. Supp. 2d at 326 (on motion to vacate default, considering defendant's affidavit in determining whether service was proper); GMA Accessories, Inc. v. BOP, LLC, 2008 WL 762782, at *1-2 (S.D.N.Y. Mar. 20, 2008) (on motion to vacate default, relying on parties' declarations and affidavits in determining whether service was proper); Nature's First Inc. v. Nature's First Law, Inc., 436 F. Supp. 2d 368, 373-74 (D. Conn. 2006) (on motion to vacate default, considering parties' declarations and affidavits in determining whether service was proper).

**B.      Requirements for Proper Service**

Fed. R. Civ. P. 4(e)(1) provides that an individual may be served with a summons within a judicial district of the United States under the following conditions:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . .

Fed. R. Civ. P. 4(e)(1).

Section 308 of the New York Civil Practice Law and Rules sets forth the requirements for serving a summons on an individual in New York State:

> Personal service upon a natural person shall be made by any of the following methods:
>
> 1. by delivering the summons within the state to the person to be served; or
>
> 2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode

8

of the person to be served and by either mailing the summons to the person to be
served at his or her last known residence or by mailing the summons by first class
mail to the person to be served at his or her actual place of business in an
envelope bearing the legend "personal and confidential" and not indicating on the
outside thereof, by return address or otherwise, that the communication is from an
attorney or concerns an action against the person to be served, such delivery and
mailing to be effected within twenty days of each other; proof of such service
shall be filed with the clerk of the court designated in the summons within twenty
days of either such delivery or mailing, whichever is effected later; service shall
be complete ten days after such filing; proof of service shall identify such person
of suitable age and discretion and state the date, time and place of service, except
in matrimonial actions where service hereunder may be made pursuant to an order
made in accordance with the provisions of subdivision a of section two hundred
thirty-two of the domestic relations law . . . .

C.P.L.R. § 308(1)-(2).

## II.     WHETHER SERVICE WAS PROPER

As discussed above, Plaintiffs claim that the Movant-Defendants were served with the Cao Complaint on August 1, 2015, through delivery of the Cao Complaint to Qiu Ru Dong, a/k/a "Judy Doe," at Atami. (Executed Summons (Dkt. Nos. 8-9); Pltf. Opp. (Dkt. No. 163) at 6) Plaintiffs further contend that the Movant-Defendants were served with the Zhu Complaint on May 2, 2017, by delivery of the complaint to a "Jane Doe" manager at Atami. (Pltf. Opp. (Dkt. No. 163) at 8; Executed Summons, 17 Civ. 275 (Dkt. Nos. 12-1, 12-2)) Accordingly, in arguing that service was proper here, Plaintiffs contend that the Movant-Defendants were served through "a person of suitable age and discretion at the[ir] actual place of business." C.P.L.R. § 308(2).

Movant-Defendants contend that service on individuals at Atami was not proper as to them because they have no connection with Atami. Movant-Defendants have submitted affidavits stating that (1) they have no connection with the parties in the instant actions; (2) they have never used the English names "Michael" and "Jenny" referenced in the Complaints; (3) they have never worked at Atami or entered its premises; and (4) Qiu Ru Dong is not Jing Liang

9

Dong's brother.  (See Jing Liang Dong Aff. (Dkt. No. 156-2) ¶¶ 6-22; Li Dong Aff. (Dkt. No. 156-3) ¶¶ 6-23)  Movant-Defendants have also submitted an affidavit from Su Fen Jiang, Jing Liang Dong's wife, confirming the facts set forth in Movant-Defendants' affidavits.  (See Su Fen Jiang Aff. (Dkt. No. 156-4) ¶¶ 1, 6-22)  In support of their motion, the Movant-Defendants have also submitted (1) a copy of Jing Liang Dong's Chinese passport; (2) a copy of Li Dong's New York State driver's license; and (3) a "Certification from the Chinese government identifying Li Dong's date of birth as February 27, 1989."  (See Def. Reply (Dkt. No. 168) at 6-7; Def. Reply, Exs. B-D (Dkt. Nos. 168-2-4))

While Plaintiffs have not contested the authenticity of these identification documents (see Pltf. Sur-Reply (Dkt. No. 169)), they have submitted the following materials in opposition to the motion to vacate:  (1) Plaintiffs' counsel's client intake notes; (2) a deed to a Queens apartment purportedly belonging to the Movant-Defendants; (3) the results of a LEXIS search for "Li Dong"; (4) a "garnishment rider" with the Movant-Defendants names; (5) the 2017 trial transcript; and (6) Qiu Ru Dong's 2016 deposition transcript.  (Troy Dec., Exs. 1-6 (Dkt. Nos. 161-1-6))

The evidence submitted by the parties indicates that Jing Liang Dong is not the "Michael Dong" referenced in the Complaints.  Plaintiffs assert that Jing Liang Dong is Qiu Ru Dong's younger brother and that he is the "Michael" identified in the Complaints as an Atami employee.  (See Pltf. Opp. (Dkt. No. 163) at 6-7 (Qui Ru Dong "testified that she had only one brother, Jing Liang Dong. . . . [B]ecause she had only one brother, Jing Liang Dong was the only person 'Michael' could possibly be."))  While Qiu Ru Dong testified at deposition that she has a brother named Jing Liang Dong, she also stated that (1) he is younger than her (and that she was born in 1980); (2) he does not work at Atami; and (3) the only "Michael" working at Atami was

10

named Michael Yang, and he is not the person she identified as her brother. (Troy Dec., Ex. 1 (Dkt. No. 161-6) at 12 (39), 21 (76), 22 (78) (hereinafter "Qiu Ru Dong Dep.")) Moreover, at trial, Plaintiff Yuan described "Michael" as a "little over 30 years old," "fat," and having "[b]asically[] no hair." (See June 13, 2017 Trial Tr. (Dkt. No. 123) 44) The Chinese passport submitted by Jing Liang Dong shows that he was born in 1964 (making him about 50 years old at the time of trial), that he is not overweight; and that he has a full head of hair. (See Def. Reply, Ex. 2 (Dkt. No. 168-2))

As to Defendant Li Dong, Plaintiffs assert that she uses the name "Jenny Dong," that she is Jing Liang Dong's wife, that she works at Atami as a waitress, and that she paid Plaintiffs their wages. (See Cao Cmplt. (Dkt. No. 1) ¶¶ 15, 20-21, 23; Pltf. Opp. (Dkt. No. 163) at 11; June 13, 2017 Trial Tr. (Dkt. No. 123) at 44-45, 103)

In arguing that the "Jenny" named in the Complaints is Li Dong, Plaintiff cites property records indicating that Jing Liang Dong and Li Dong co-own unit 4A at 668 56th Street in Brooklyn. (Pltf. Opp. (Dkt. No. 163) at 7) But Qiu Ru Dong testified at her deposition that the Jenny Dong who worked at Atami is not married to her brother. (Qiu Ru Dong Dep. (Dkt. No. 161-6) at 10 (30-31), 12 (40-41)) Moreover, the evidence before the Court demonstrates that Li Dong is Jing Liang Dong's son, and not his wife. (See Li Dong Aff. (Dkt. No. 156-3) ¶¶ 6-13; Def. Reply, Ex. 2 (Dkt. No. 168-3) (driver's license); Def. Reply, Ex. 3 (Dkt. No. 168-4) (translation of a "Chinese Notarial Certificate" stating that Li Dong is Jing Liang Dong's son)) Moreover, the Lexis search submitted by Plaintiffs states that Li Dong is male, and not female. (Troy Dec., Ex. 3 (Dkt. No. 161-3) at 32-33)

Acknowledging Plaintiffs' evidence that a "Michael" and a "Jenny" worked at Atami in supervisory roles (see Pltf. Opp. (Dkt. No. 163) at 10-11 (citing Tory Dec., Ex. 1 (Dkt.

11

No. 161-1) (client intake notes); Qiu Ru Dong Dep. (Dkt. No. 161-6) at 21-22 (75-78) (stating that a "Michael" worked in Atami's kitchen))), Plaintiffs have not shown that "Michael" and "Jenny" are Jing Liang Dong and Li Dong.  Indeed, Qiu Ru Dong's testimony indicates that the "Michael" who worked in Atami's kitchen is not her brother, that neither her brother nor "Michael" is married to a "Jenny," and that "Michael" did not have a supervisory role at Atami. (Qiu Ru Dong Dep. (Dkt. No. 161-6) at 12 (39-41), 21-22 (75-78) ("Q. Did Michael have authority to hire or fire somebody?  A. No. . . . Q. Was Michael a shareholder at Atami? A. No. . . . Q. Was [Michael] related to Jenny?  A. No.")

Because the evidence presently before the Court indicates that Jing Liang Dong and Li Dong (1) do not own or operate Atami, and do not transact business there; and (2) are not the Michael "Doe"/Michael Dong and Jenny "Doe"/Jenny Dong referenced in the Complaints, service on them through a manager at Atami was not proper service.  See Velez, 203 F. Supp. 2d at 325 ("New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a 'clear identification of the work performed by her with that place of business.'" (quoting King v. Galluzzo Equip. & Excavating, Inc., 2001 WL 1402996, at *4 (E.D.N.Y. Sept. 8, 2001)));  Katz v. Emmett, 226 A.D.2d 588, 589, (N.Y. App. Div. 1996) ("In order for a location to be a person's 'actual place of business' for service pursuant to CPLR 308 (2), that person must be shown to regularly transact business at that location.").

Because the Movant-Defendants were not properly served in either the <u>Cao</u> or the <u>Zhu</u> actions, the default judgment against them will be vacated pursuant to Rule 60(b)(4), and Plaintiffs' cross-motion for an award of attorneys' fees will be denied.

## CONCLUSION

For the reasons stated above, Defendant Jing Liang Dong and Li Dong's motion to vacate the default judgment entered against them is granted, and Plaintiffs' cross-motion for an award of attorneys' fees is denied. The Clerk of Court is directed to terminate the motions (Dkt. Nos. 156, 160) and to re-open this case. Plaintiffs shall make proper service on Movant-Defendants within thirty days of this order, or this action will be dismissed.

Dated: New York, New York
      December 12, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge